**In the Matter of Jerry FINE and Doris Fine, t/a Cellar Restaurant, Debtors.**

**Thomas Doyle RUNNELS, Trustee, Plaintiff,**

**v.**

**Nicholas HATZIS and Frances S. Huang Lin, Defendants.**

**Bankruptcy No. 82–471.
Adv. No. 83–69.**

United States Bankruptcy Court,
D. Delaware.

Dec. 14, 1983.

J. Calvin Williams, Jr., Wilmington, Del., for defendant Lin.

Peter J. Walsh, Wilmington, Del., for plaintiff Runnels.

## MEMORANDUM OPINION

HELEN S. BALICK, Bankruptcy Judge.

At various times there was brought before this court for hearing, objections and motions with respect to the sale of property of the bankruptcy estate.

The trustee has now brought an adversary proceeding against Nicholas Hatzis and Frances Huang Lin alleging a cause of action arising out of the sale of that property. Mrs. Lin has filed a motion to transfer the proceeding to District Court under 11 U.S.C. § 1471(d). That is the abstention doctrine with respect to non-exclusive jurisdiction and not applicable. In effect, the motion is one asking me to recuse myself. The applicable rule is BR 5004, the statute is 28 U.S.C. § 455. Canon 3(c)(1)(a) of the Code of Judicial Conduct also speaks to the matter.

Mrs. Lin questions my impartiality. Her reasons are:

1. The large number of docket entries in the underlying bankruptcy case.

2. My findings and conclusions entered of record in open court following an evidentiary hearing.

3. A newspaper account about the sale of the property based on public court records and interviews with private individuals.

A judge must disqualify herself, whether asked to do so or not, when her impartiality might reasonably be questioned. Yet, there is as much an obligation not to recuse when there is no occasion to do so as there is an obligation to recuse when there is. A potentially difficult and embarrassing proceeding is not a valid reason for recusal.

It is difficult to see how the number of docket entries in a case in and of themselves can be an indication of or create the appearance of impartiality. If it is Mrs. Lin's contention that the number of entries will cause a judge to act in a prejudicial manner in the future, that argument has no merit. Any judge hearing a case must deal with the record. If she is contending that it is reasonable to question a judge's impartiality because in the course of the proceeding that judge decided the matter contrary to what the person requesting the recusal wanted, that too is without merit.

The cases are clear that facts learned by a judge in her judicial capacity cannot be the basis for disqualification. The findings and conclusions entered of record at the hearing on Mrs. Lin's motion for a TRO was based on evidence presented at that hearing and not from extra-judicial conduct or source.

The newspaper account is primarily a recitation of facts gleaned from public court records. It does state that I was disturbed with the parties' behavior and the matter was being referred to the United States Attorney for investigation. This too was based on the evidence presented and not from other sources. Reference to the United States Attorney under these circumstances cannot be an indication of personal bias or prejudice because such reference is required by law under 18 U.S.C. § 3057. The excerpt of my concluding remarks at the TRO hearing attached to Mrs. Lin's motion does not indicate any personal prejudice or bias.

For all of these reasons, I decline to recuse.

I have addressed the issue raised by Mrs. Lin's motion even though the demand for jury trial appears to moot the issue. Under Revised Rule # 1(d)(1)(D) dated December 23, 1982 a bankruptcy judge may not conduct jury trials and states that the matter must be transferred to a district judge. However, a district judge may reassign the matter to a bankruptcy judge for conduct through the pre-trial period. This, of course, is discretionary with each district judge. It seemed appropriate to decide the issue raised by the motion in an attempt to economize on time and expenses in the event the matter should be reassigned following transfer.